UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| LORI MCGUIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-CV-108-JEM |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 11]. Now before the Court is Plaintiff's Social Security Brief [Doc. 15]. Lori McGuire ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Commissioner of Social Security ("Commissioner"). For the reasons set forth below, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's request to remand [**Doc. 15**] and **AFFIRMS, REVERSES, and REMANDS** the case to the ALJ for further proceedings consistent with this opinion.

## I. PROCEDURAL HISTORY

On May 27, 2022, Plaintiff filed for Disability Insurance Benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and Social Security Income ("SSI") under Title XVI of the Social Security Act [Tr. 193]. Plaintiff claimed a period of disability that began on November 10, 2021 [*Id.*]. After the initial denial of Plaintiff's claim [*id.* at 103] and denial of reconsideration [*id.* at 114], Plaintiff requested a hearing before an ALJ [*Id.* at 117]. A hearing was held on April 17, 2024, before ALJ Carolyn Keen (hereinafter "the ALJ") [*Id.* at 41–75]. On May 31, 2024, the ALJ found Plaintiff not disabled [*Id.* at 14–35]. Plaintiff asked the Appeals

Council to review the ALJ's decision [*Id.* at 190–91]. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner [*Id.* at 1–3].

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on July 21, 2025, seeking judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) [Doc. 2]. The parties filed opposing briefs, and this matter is now ripe for adjudication [Docs. 15, 17, and 18].

## II. DISABILITY ELIGIBILITY AND ALJ FINDINGS

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual will only be considered disabled:

> [I]f his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e), 416.920(a)(4), 416.920(e). RFC is the most a claimant can do despite his limitations. *Id.* §§ 404.1545(a)(1), 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

Here, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2027.

2. The claimant has not engaged in substantial gainful activity since November 10, 2021, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease; osteoarthritis; pseudotumor cerebri; rheumatoid arthritis; connective tissue disease; multiple sclerosis; carpal tunnel syndrome, status post release procedure; obesity; and neurocognitive disorder (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination

of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she can frequently lift and carry five pounds; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and crawl; frequently handle and finger with the bilateral upper extremities; tolerate frequent exposure to temperature extremes of heat and cold; and never work at unprotected heights. Mentally, she can tolerate occasional workplace changes and occasional interaction with the public.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on November 16, 1975 and was 45 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 10, 2021, through the date of this decision (20 CFR 404.1520(g)).

[Tr. 19–35].

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision applied the correct legal standards and regulations and rulings promulgated by the Commissioner, and whether substantial evidence supports the ALJ's findings. *Tucker v. Comm'r of Soc. Sec.*, 775 Fed. App'x 220, 225 (6th Cir. 2019); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). In reviewing the Commissioner's decision, the Court must consider the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

The Sixth Circuit defines substantial evidence as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Hum. Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Additionally, the Supreme Court explained that "'substantial evidence' is a 'term of art,'" and "whatever the meaning of 'substantial' in other settings, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Rather, substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether an ALJ's findings are supported by substantial evidence, the

Court does not try the case *de novo*, weigh the evidence, or make credibility determinations nor resolve conflicts in the evidence, nor decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In addition to considering whether the ALJ's decision is supported by substantial evidence, the Court must review whether the ALJ employed the correct legal criteria. It is grounds for reversal of a decision—even if supported by substantial evidence—where "the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Hum. Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). Furthermore, the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (noting that conclusory claims of error without further argument or authority may be considered waived).

## IV. ANALYSIS

Plaintiff raises two issues in this appeal of the ALJ's decision. First, she argues the ALJ erred in her treatment of Plaintiff's "upper extremity ("UE") limitations when evaluating the evidence and assessing her residual functional capacity ("RFC")." Second, Plaintiff contends the ALJ erred by "failing to evaluate Plaintiff's nystagmus and loss of visual field in her decision and by failing to place any visual limitations in the RFC" [Doc. 15 p. 1].

For the reasons more fully explained below, the Court finds the ALJ's decision complies with the law and SSA regulations and is supported by substantial evidence as to Plaintiff's

subjective complaints regarding her upper extremities but does not comply as to Plaintiff's complaints of vision issues.

### A. The ALJ's Treatment of Plaintiff's Upper Extremity Limitations

Plaintiff's first argument is that the ALJ failed to properly evaluate her limitations in using her hands and wrist [Doc. 15 pp. 16–21]. Plaintiff argues the ALJ's finding that her strength was only slightly reduced and that her left hand shaking was only episodic, and the resulting RFC, were faulty [*Id.* at 17]. In support, she states medical records demonstrate that the ALJ misunderstands her conditions, pointing to records from her neurologist with observations that Plaintiff's tremor was only episodic meaning that it would happen when she used her hand and records from Plaintiff's primary care provider observing shakiness in her hand and finger [*Id.* at 17–18]. Plaintiff also argues that the ALJ also erred in her treatment of Plaintiff's symptoms of hand swelling and pain, connective tissue disorder, peripheral neuropathy, and multiple sclerosis [*Id.* at 18]. Plaintiff argues the ALJ never explained her determination of frequent instead of only occasional handling and fingering [*id.* at 19] despite the fact that the record "strongly supports Ms. McGuire's testimony that she has significant difficulty using her hands for handling and fingering" [*Id.* at 21].

The Commissioner responds that substantial evidence supports the ALJ's RFC determination [Doc. 17 p. 2]. He contends that the ALJ adequately explained why the RFC was not further reduced and found inconsistencies between Plaintiff's subjective complaints and other evidence in the record [*Id.* at 4]. The Commissioner also argues that the ALJ's assessment of a non-disabling RFC included the review of the consultative examiner and the state agency medical consultant, both of whom "believed Plaintiff could at least frequently perform handling and fingering with both arms" [*Id.* at 5–6].

Plaintiff's reply argues the Commissioner's reliance on the ALJ's discussion of the state agency consultants is incorrect, and that their records do not form a logical bridge between the records and the assessment of Plaintiff's hands [Doc. 18 pp. 1–2 (citing *Radford v. Colvin*, 734 F.3d 288, 295–96 (4th Cir. 2013))]. Plaintiff contends that the ALJ's "failure to properly evaluate the main reasons" for her limitations in handling and fingering "is not saved by reference to the consultants as their reports are similarly void of the explanations necessary" [*Id.* at 3].

SSA regulations are clear on how an ALJ must consider subjective complaints in assessing a claimant's disability. *See* 20 C.F.R. § 404.1529. An ALJ considers symptoms and the extent to which symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence" 20 C.F.R. § 404.1529(a). ALJs must "consider [a claimant's] statements about the intensity, persistence, and limiting effects of [their] symptoms" and "evaluate [a claimant's] statements in relation to the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(c)(4). In reviewing a claimant's subjective complaints, the "ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)); *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507–08 (6th Cir. 2006) ("[I]t is well settled that: [a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." (second alteration in original) (quoting *Loral Defense Systems—Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999))).

The ALJ addressed Plaintiff's complaints regarding her upper extremities in the ALJ's decision:

> Addressing the diagnostic evidence of carpal tunnel syndrome, the claimant can frequently handle and finger with the bilateral upper

> extremities. (Exhibits 4F; 6F). The reported hand difficulties are not fully supported as most deficient exam noted only slight reduced strength at 4/5 on the right and 4.5/5 on the left (Exhibit 13F at 2–3) with a notation of only somewhat decreased motor grip in both hands with no tenderness or swelling in the MFCP or PIP joints (Exhibit 17F at 16–17) and only episodic left hand shaking (e.g., Exhibit 21F at 11–12; 22F at 14–15). She also received wrist braces for wrist pain (e.g. Exhibit 17F at 58).

[Tr. 30]. The ALJ further addressed Plaintiff's upper extremity complaint in discussing the reports by stage agency reviewers Dr. Joseph Curtsinger and Dr. Sannagai Brown [Tr. 31]. The ALJ noted that the reviewers "both identified restrictions to frequent handling and fingering bilaterally," findings she found persuasive as both supported by and consistent with the evidence as a whole [*Id.* at 31–32]. Additionally, the ALJ found Dr. Robert Blaine's consultative examination report persuasive, which reviewed all of Plaintiff's medical records, and included Dr. Blaine's impressions from his own examination [Tr. 954–57]. His report noted no abnormal findings with respect to Plaintiff's wrists and extremities as a whole, with the exception of a reduced flexor and extensor strength [*Id.* at 955–56].

While Plaintiff disagrees with the ALJ's reliance on the state agency consultants [*see* Doc. 18 pp. 1–2], the Sixth Circuit has explained that "an ALJ may provide greater weight to a state agency physician's opinion when the physician's finding and rationale are supported by evidence in the record." *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 274 (6th Cir. 2015); *see also Hoskins v. Comm'r of Soc. Sec.*, 106 F. App'x 412, 415 (6th Cir. 2004) ("State agency medical consultants are considered experts and their opinions may be entitled to greater weight if their opinions are supported by the evidence."). The ALJ here specifically found that the state agency consultants' findings were consistent with and supported by other objective evidence and the record [Tr. 32]. Essentially, Plaintiff argues the ALJ did not evaluate the evidence as she would, pointing specifically to Plaintiff's primary care physician's records [Doc. 15 pp. 17–18]. But "[t]he

findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion . . . ." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001)).

The Court finds the ALJ sufficiently discussed the reasons for her evaluation and resulting RFC regarding Plaintiff's upper extremities. The ALJ's determination is both "reasonable and supported by substantial evidence." *Dial v. Kijakazi*, No. 1:23-cv-71, 2024 WL 2060259, at *9 (M.D. Tenn. May 6, 2024) (quoting *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 476 (6th Cir. 2016)). The Court finds no error.

**B. The ALJ's Evaluation of Plaintiff's Vision Complaints**

Plaintiff next challenges the ALJ's "fail[ure] to evaluate Plaintiff's nystagmus" and "fail[ure] to place any visual limitations in the RFC [Doc. 15 pp. 21–24]. Plaintiff states she testified at the hearing that her eyes were affected by the pressure in her skull from pseudotumor cerebri [*Id.* at 21]. But Plaintiff avers that the ALJ's opinion does not explain why she failed to evaluate Plaintiff's visual complaints [*Id.* at 22]. Plaintiff contends that the ALJ's error is harmful because the ALJ denied Plaintiff's claim by finding she could perform jobs requiring frequent near vision to perform [*Id.*].

The Commissioner responds that the ALJ did adequately explain why she did not further reduce the RFC [Doc. 7 p. 4]. The Commissioner points to records from Doctors Blaine and Brown, which considered Plaintiff's nystagmus [*Id.* at 6]. The Commissioner argues that "both doctors assessed no visual limitations" [*Id.*]. The Commissioner appears to argue that in finding the doctors' opinions persuasive, the ALJ necessarily considered Plaintiff's visual impairments, and because her assessment of the RFCF falls within the "permissible zone of choice," it "cannot

constitute error" [*Id.* (citing *Leslie B. v. O'Malley*, No. 1:22-cv-175, 2024 WL 130165, at *5 (W.D. Ky. Jan. 11, 2024))].

Plaintiff replies that the consultants' reports did not include why they omitted visual limitations, which weakens the Commissioner's argument [*Id.*]. Plaintiff maintains that the ALJ's failure to analyze Plaintiff's visual limitations leaves no explanations to allow for judicial review and therefore must be remanded for further proceedings and analysis [*Id.* at 3].

It is well-settled that an ALJ "need not discuss every piece of evidence in the record for [the ALJ's] decision to stand." *Rottman v. Comm'r of Soc. Sec.*, 817 F. App'x 192, 195 (6th Cir. 2020) (alteration in original) (quoting *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004)). But the ALJ "must explain her conclusions enough for a reviewing court to trace the path of her reasoning." *Whalen v. Comm'r of Soc. Sec.*, No. 1:24-CV-01928, 2025 WL 1452713, at *12 (N.D. Ohio May 21, 2025) (citations omitted), *report and recommendation adopted*, No. 1:24-CV-1928, 2025 WL 1756524 (N.D. Ohio June 25, 2025); *see also Delgado v. Comm'r of Soc. Sec.*, No. 1:24-CV-83, 2025 WL 418222, at *11 (N.D. Ohio Feb. 6, 2025) ("The ALJ assesses an individual's RFC based on all relevant evidence of record." (citation omitted)).

During her hearing, Plaintiff described issues with her vision [Tr. 60–61]. She first stated that as a result of her migraines, the pressure on her optic nerves obstructs her vision [*Id.* at 60]. Plaintiff continued that she while she takes medication for the optic nerve pressure, she has lost a bit of her peripheral vision [*Id.* at 61]. When the ALJ asked whether her other impairments affected her vision, Plaintiff responded, "[m]y nystagmus where my eyes shake that's gotten a lot worse kind of lately" and explained that the nystagmus impairs her vision "all the time" [*Id.*]. She also

explained that she has trouble reading because her "eyes are shaking and they're like all together" [*Id.*]. Plaintiff reported to the ALJ that her vision issues are constant "because it never stops" [*Id.*].

Objective evidence also documents Plaintiff's complaints, such as the "vision concerns" found in her eye doctor, Dr. Brad Lindsey's, notes from an evaluation on September 23, 2022, which stated Plaintiff suffered from light sensitivity and that she "has lost inferior field" [Tr. 1106]. Additionally, the evaluation by Dr. Blaine, whose report the ALJ found to be persuasive, noted Plaintiff has "exaggerated nystagmus when she looks to her right side" [Tr. 956]. But none of these objective findings appear in the ALJ's decision or appear to have been considered despite the Commissioner's contention otherwise [*see* Doc. 17 p. 4 ("Ultimately, the ALJ found that Plaintiff's allegations of disabling symptoms and limitations were not entirely consistent with other evidence in the record.")]. Neither does the decision discuss or mention Plaintiff's symptoms with respect to vision impairments. *See* Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *10 (providing that "the determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms").

It does not appear that substantial evidence supports the ALJ's discounting of Plaintiff's vision symptoms without mentioning either the symptoms or the medical records regarding those symptoms, and does not allow the Court to ascertain any "accurate and logical bridge between the evidence and the conclusion." *Page v. Comm'r of Soc. Sec.*, No. 2:21-cv-166, 2022 WL 4455975, at *7 (E.D. Tenn. Sept. 23, 2022) (quoting *Gilliam v. Astrue*, No. 2:10-cv-17, 2010 WL 2837260, at *3 (E.D. Tenn. July 19, 2010)). The Court finds remand warranted so that the ALJ can consider whether Plaintiff's vision impairments constitute limitations that should be included in the RFC.

*See Kesterson v. Comm'r of Soc. Sec.*, No. 18-CV-2048, 2019 WL 5586559, at *5 (N.D. Iowa July 29, 2019) ("Case law is clear, an ALJ is responsible for assessing a claimant's RFC, and his or her assessment must be based on all of the relevant evidence." (citation omitted)); *Garcia-Maldonado v. Kijakazi*, No. CV 21-2023, 2022 WL 354981, at *2 (E.D. Pa. Feb. 7, 2022) ("It is unclear whether the ALJ overlooked inclusion of any visual impairment in the RFC or if he rejected any limitation based on [the consultative examiner's] examination results.").

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's request to remand [**Doc. 12**] and **AFFIRMS, REVERSES, and REMANDS** the case to the ALJ for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge